Evans J.
delivered the opinion of the Court.
As M’Elwee had been vouched to defend his title in the case of Stevens v. Wilson, the verdict in that case on his title is as conclusive against him as against the defendant. If he had conveyed a good legal title, he should have proved it on the trial of that case. If he did not, it was his own fault or his misfortune. M’Elwee failed to establish his title when called on to do so, and has lost bis only opportunity of doing it, unless he could have proved that the verdict in the case of Stevens v. Wilson was procured by some collusion between the parties, or by some negligence of the defendant in that case. There is no pretence of collusion. The only negligence complained of, was that the plaintiff was not present in Court to make some affidavit which was necessary to the admission of some copy deeds. The affidavit I presume could as well have been made elsewhere as in Court. If her presence was necessary she should have been notified. If after such notice she had refused to attend, or had refused to make the affidavit when required to do so before a magistrate, which I apprehend was all that was necessary, then there would have been some ground for the defendant’s defence. The jury have decided the questions of collusion and negligence correctly, as it seems to this Court; and the motion is dismissed.